IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES JUANITA MOSES,** | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 25-CV-1043 |
| | : | |
| **M & M MANAGEMENT,** *et al.*, | : | |
| Defendants. | : | |

**MEMORANDUM**

**PADOVA, J.**                                                                                                           **APRIL 28, 2025**

Plaintiff James Juanita Moses, proceeding *pro se*, has filed an action against numerous individuals and entities that appear related to her landlord. Moses has also filed a Motion for Leave to Proceed *In Forma Pauperis*. For the following reasons, Moses will be permitted to proceed *in forma pauperis* and the Complaint will be dismissed without prejudice.

**I.       FACTUAL ALLEGATIONS**[1]

Moses's Complaint is somewhat difficult to follow but appears to be based on a dispute over her tenancy in an apartment at 3701 Linden Avenue, # B207, in Philadelphia. The Court understands Moses to allege that she moved into the apartment in April or May 2023 and that she renewed her lease in May 2024. (*See* Compl. at 3; *see also* ECF No. 2-1 at 13-14.) She appears to claim that her landlord and its agents threatened her with eviction in July and August 2024, but that threat was lifted after she paid certain fees. (*See* ECF No. 2-1 at 1-4.) Moses lists the apartment as her current address, so the Court understands that she continues to live there. (*See* Compl. at 1.) She appears to complain of numerous inconsistencies in the Defendants'

---

[1] The factual allegations are taken from the Complaint. (ECF No. 2.) The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system. The Court has also taken into consideration the numerous Exhibits that Moses filed with her Complaint. (*See* ECF No. 2-1.)

1

accounting and various habitability issues with her apartment. (*Id.* at 3-4; ECF No. 2-1 at 13-17, 25-26.) Moses's alleged injuries and prayer for relief are unclear; she states merely that the Defendants are "really scamming" her. (Compl. at 4.)

## II.     STANDARD OF REVIEW

Because Moses appears to be unable to pay the filing fee in this matter, the Court will grant her leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim upon which relief may be granted. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Farrell v. Brady*, 782 F. App'x 226, 228 n.1 (3d Cir. 2019) (citing *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). At the screening stage, the Court will accept the facts alleged in the *pro se* Complaint as true, draw all reasonable inferences in Moses's favor, and "ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible . . . claim." *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), a*brogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

As Moses is proceeding pro se, the Court construes her allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala*, 704 F. 3d at 245). An unrepresented

litigant "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." *Id.*

In that regard, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019). Rule 8 requires a pleading to include a "short and plain statement showing that the pleader is entitled to relief," as well as a statement of the court's jurisdiction and a demand for the relief sought. Fed. R. Civ. P. 8(a). In determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by [the named] defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (quotation omitted). "Naturally, a pleading that is so vague or ambiguous that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Id.* (quotation and citation omitted). The important consideration for the Court is whether "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

The Court must also review the Complaint and dismiss the matter if it determines that the action fails to set forth a proper basis for this Court's subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Grp. Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time . . . [and] a court may raise jurisdictional issues *sua sponte*" (citations omitted)).

### III.  DISCUSSION

#### A.  Rule 8

In conducting a statutory screening under 28 U.S.C. § 1915(e)(2)(B), the Court may

3

consider exhibits attached to a pro se plaintiff's complaint. *See Holmes v. Samuels*, Civ. A. No. 13-0651, 2013 WL 2177761, at *1 (M.D. Pa. May 20, 2013) ("Although the court is generally limited in its review to the facts contained in the complaint, it 'may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case.'" (quoting *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n.2 (3d Cir.1994)) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir.1997)). However, a complaint cannot state a claim by relying solely on exhibits, absent factual allegations in the complaint that explain the basis for the plaintiff's claims against the defendants. *See Estate of Egenious Coles v. Zucker, Goldberg & Ackerman*, 658 F. App'x 108, 111 (3d Cir. 2016) ("[W]e cannot fault the District Court for failing to intuit the necessary factual allegations from one of the many exhibits appended to the complaint.").

Moses presented her claims by submitting a form Complaint that cross-referenced generally to her exhibits without any specific citation to a narrative of events explaining the factual basis for any legal claims. This is not an acceptable manner of pleading a claim in federal court. *See Berkery v. Credit Collection Servs.*, Civ. A. No. 21-3809, 2021 WL 4060454, at *2 (E.D. Pa. Sept. 7, 2021) (" While a court may consider exhibits attached to a complaint, merely attaching exhibits is insufficient to meet the requirement that a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." (citations omitted)); *RD Legal Funding, LLC v. Barry A. Cohen, P.A.*, No. 13-77, 2013 WL 1338309, at *2 (D.N.J. Apr. 1, 2013) ("Plaintiff cannot meet its *pleading* requirements under Rule 8(a) by attaching numerous exhibits to its Complaint."). Although it is apparent that Moses wishes to bring claims against various parties related to her landlord, her Complaint does not identify the facts supporting those claims or present any cognizable legal claim to which any

Defendant could respond on the merits.[2]  Accordingly, the Complaint fails to satisfy Rule 8 and will be dismissed without prejudice to amendment.

      **B.**     **Subject Matter Jurisdiction**

To the extent that Moses requests information about money that she "sent to the court," it appears that she may be referencing the Philadelphia Municipal Court, which handles landlord-tenant cases, or some other state court.  (*See* ECF No. 2-1 at 2.)  So, she has simply posed her question to the wrong court and, to the extent she seeks to raise a claim under state law, she has not established this Court's jurisdiction to hear that claim.

This Court is a federal district court, which "has subject matter jurisdiction over civil actions arising under 'the Constitution, laws, or treaties of the United States' (federal question jurisdiction) and civil actions between citizens of different states with the amount in controversy exceeding the sum or value of $75,000 (diversity jurisdiction)."  *Rockefeller v. Comcast Corp.*, 424 F. App'x 82, 83 (3d Cir. 2011) (*per curiam*) (citing 28 U.S.C. §§ 1331, 1332(a)).  Diversity jurisdiction under section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required.  This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state

---

[2]  For example, Moses does not allege that any Defendants took discriminatory actions against her that would violate the Fair Housing Act ("FHA") or Fair Housing Amendments Act ("FHAA").  The FHA and FHAA together prohibit discrimination on the basis of race, color, religion, sex, familial status, national origin, or disability, in a variety of real estate-related transactions.  *See* 42 U.S.C. § 3604; *Revock v. Cowpet Bay W. Condo. Ass'n*, 853 F.3d 96, 104 (3d Cir. 2017) (citing *City of Edmonds v. Oxford House, Inc.*, 514 U.S. 725, 728 n.1 (1995); Fair Housing Amendments Act of 1988, Pub. L. No. 100-430, 102 Stat. 1619 (1988)).  The regulations associated with the FHA and FHAA make clear that these laws prohibit acts directed at individuals "because of" their membership in a protected class.  *See, e.g.*, 24 C.F.R. § 100.400(c)(2) (listing prohibited conduct to include "[t]hreatening, intimidating or interfering with persons in their enjoyment of a dwelling because of the race, color, religion, sex, handicap, familial status, or national origin of such persons").  Here, Moses does not allege that she belongs to any of the classes protected by the FHA or FHAA, or that any actions of the Defendants were discriminatory or harassing in a manner prohibited by federal housing law.

as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (footnotes omitted)). "The plaintiff has the burden of pleading the existence of the [district] court's jurisdiction, and, in a diversity action, the plaintiff must state all parties' citizenships such that the existence of complete diversity can be confirmed." *Craven v. Leach*, 647 F. App'x 72, 75 (3d Cir. 2016) (citing Fed. R. Civ. P. 8) (quoting *Chem. Leaman Tank Lines, Inc. v. Aetna Cas. & Sur. Co.,* 177 F.3d 210, 222 n.13 (3d Cir. 1999)). An individual is a citizen of the state where she is domiciled, meaning the state where she is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011) (citations omitted).

Moses's Complaint reflects her intention to bring federal claims (Compl. at 2), but as discussed above, it is not clear what federal claims she has (if any) and to the extent she is pursuing claims under state law, she does not allege the citizenship of the parties. (*See id*. at 3.) Rather, she provides only Pennsylvania addresses for herself and the named Defendants, which suggests that she and some, if not all, of the Defendants may be Pennsylvania citizens. (*See id.* at 1-2.) Accordingly, Moses has not sufficiently alleged that the parties are diverse for purposes of establishing the Court's jurisdiction over any state law claims that she intends to pursue.

**IV.   CONCLUSION**

For the reasons stated above, Moses's application for leave to proceed *in forma pauperis* will be granted and her Complaint will be dismissed without prejudice pursuant to § 1915(e)(2)(B)(ii) and Federal Rule of Civil Procedure 8. Keeping in mind Howard's *pro se* status, and in an abundance of caution, the Court will grant her an opportunity to develop her allegations by explaining in an amended complaint the "who, what, where, when[,] and why" of her claims. *See Gambrell v. S. Brunswick Bd. of Educ.*, Civ. A. No. 18-16359, 2019 WL

5212964, at *4 (D.N.J. Oct. 16, 2019)). This dismissal is also without prejudice to Howard asserting her claims in state court instead, either in a new action or to defend an existing action if there is one pending. An appropriate Order follows, which provides further guidance as to amendment should Moses seek to amend her claims.

**BY THE COURT:**

/s/ John R. Padova
_____
**JOHN R. PADOVA, J.**